NAOMI SHEFFIELD, OSB No. 170601
Chief Deputy City Attorney
naomi.sheffield@portlandoregon.gov
DENIS M. VANNIER, OSB No. 044406
Senior Deputy City Attorney
denis.vannier@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Counsel for Defendant City of Portland*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **ZENITH ENERGY TERMINALS HOLDINGS LLC,** a Delaware limited liability company<br><br>**PLAINTIFF,**<br><br>v.<br><br>**CITY OF PORTLAND,** an Oregon Municipal Corporation,<br><br>**DEFENDANT.** | Case No.: 3:26-cv-01579-SB<br><br>**CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

## I. ANSWER

Defendant City of Portland responds to Plaintiff's Complaint in correspondingly numbered paragraphs as follows:

### NATURE OF THE ACTION

1.

The City admits that this case is about the City's consent to Zenith's transfer of its franchise agreement to ISQ Springer Holdings, LLC ("ISQ Springer"). The City further admits that the franchise agreement has specific provisions related to transfer, which provisions speak

for themselves. The City is without knowledge or information at this time to admit or deny what is needed in Zenith's pending sale to ISQ Springer, and therefore denies the same. Except as otherwise admitted, the City denies all remaining allegations in paragraph 1.

2.

The City admits that it received a letter on January 7, 2026, requesting from Zenith consent to transfer the Zenith franchise agreement to ISQ Springer. The City admits that Bureau of Planning and Sustainability staff completed their review of whether ISQ Springer met the requirements for transfer pursuant to the Franchise Agreement in April 2026, recommending that the City consent to the transfer. The City further admits that under City Charter and City Code, City Council approval is required to consent to a transfer of the franchise agreement. The City admits that City Council has heard an ordinance for approval of the transfer on September 2, 2026, but has not yet voted on that ordinance. Except as otherwise admitted the City denies the remaining allegations in paragraph 2.

3.

The City denies that it has unreasonably delayed consent to the transfer or that this lawsuit is intended to address any unreasonable delays. The City is without knowledge or information at this time to admit or deny the remaining allegations in paragraph 3 and therefore denies the same.

## PARTIES

4.

Admit.

5.

Admit.

## JURISDICTION

6.

The City is without knowledge or information at this time to admit or deny the allegation



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

in paragraph 6 and therefore denies the same.

7.

The City admits that it is located in Oregon and that the amount in controversy exceeds $75,000. The City further admits that if jurisdiction is proper, the venue lies in this district.

## GENERAL ALLEGATIONS

8.

The City admits that Zenith owns and operates a fuel storage facility in northwest Portland. The City is without knowledge or information at this time to admit or deny the remaining allegations in paragraph 8 and therefore denies the same.

9.

The City is without knowledge or information at this time to admit or deny the allegations in paragraph 9 and therefore denies the same.

10.

The City is without knowledge or information at this time to admit or deny the allegations in paragraph 10 and therefore denies the same.

11.

The City admits that Zenith applied for and received a new Oregon Department of Environmental Quality air permit. The City is without knowledge or information at this time to admit or deny the remaining allegations in paragraph 11 and therefore denies the same.

### Zenith's Franchise with the City

12.

Admit.

13.

Admit.

14.

Admit.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

15.

Admit.

16.

Admit.

17.

Admit.

18.

Admit.

19.

Admit.

20.

Admit.

21.

Admit.

22.

Admit.

**2026 Request for City to Consent to Transfer of Franchise**

23.

The City is without knowledge or information at this time to admit or deny the allegations in paragraph 23 and therefore denies the same.

24.

The City admits the corporate ownership structure set forth in paragraph 24. Given the sentence structure, the City is unable to admit or deny the allegations in the second sentence of paragraph 24 and therefore denies the same.

25.

The City is without knowledge or information at this time to admit or deny the



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

allegations in paragraph 25 and therefore denies the same.

26.

Admit.

27.

Admit.

28.

The City admits that City staff reviewed submitted materials from ISQ Springer before forming their staff recommendation and found the submitted materials demonstrate that ISQ Springer has the technical, legal, and financial expertise and knowledge to safely run and operate the facility. Except as otherwise admitted, the City denies the allegations in paragraph 28.

29.

The City admits that ISQ Springer and its affiliates own and operate other energy companies and operate other facilities similar to the Zenith facility. As a result, ISQ Springer has broad experience demonstrating its ability to navigate the legal and regulatory requirements required to safely run the facility and comply with all local, state, and federal laws. Except as otherwise admitted, the City denies the allegations in paragraph 29.

30.

The City admits that City staff concluded their recommendation to consent to the Zenith transfer of the Franchise to ISQ Springer and prepared an ordinance to effect such consent (the "Consent Ordinance"). The City admits that City Council was unable to take up the transfer matter until after it completed its budget process for fiscal year 2026/2027. Except as otherwise admitted, the City denies the allegations in paragraph 30.

31.

The City admits that on April 28, 2026, City staff emailed the Chair person of the City Council's City Life Committee requesting that Consent Ordinance be scheduled for hearing on June 9, 2026 with the goal of full Council consideration on July 8, 2026. The City admits that the



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Consent Ordinance was initially scheduled to be heard by the City Life Committee on June 9, 2026. Except as otherwise admitted, the City denies the allegations in paragraph 31.

32.

The City admits that the Council President determined that the Consent Ordinance would not be assigned to the City Life Committee, but instead to the Finance and Governance Committee of the Whole (the "Committee of the Whole"). The City further admits that all City Councilors are members of the Committee of the Whole. Except as otherwise admitted, the City denies the allegations in paragraph 32.

33.

Portland City Charter 2-111 provides that the Council "may establish Council committees." Portland City Code 3.02.050 further contemplates the formation of Council committees to assist Council. Portland City Code 3.02.020 provides the procedure for assigning proposals to committees or to the full Council. The City admits that there are no requirements in City Charter, City Code, City Administrative Rules, or the Franchise that prohibited the Consent Ordinance from being heard, in the first instance by the full Council. Except as otherwise admitted, the City denies the allegations in paragraph 33.

34.

Admit.

35.

Admit.

36.

The City admits that the content of what was said at the Committee of the Whole meeting is in the recorded record. The City further admits that the Committee of the Whole did not make a recommendation on the Consent Ordinance during the July 23, 2026 meeting and it was continued for further consideration to the August 6, 2026 meeting. The City further affirmatively admits that the Consent Ordinance proposal was heard at the August 6, 2026 meeting of the



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Committee of the Whole, where thirty-one individuals testified. At the August 6, 2026 meeting, the Committee of the Whole approved a motion by a vote of seven to five to refer the Consent Ordinance to the City Council with a recommendation that it be passed. Except as otherwise admitted, the remaining allegations in paragraph 36 are denied.

37.

Deny.

38.

The City admits that the Consent Ordinance was not presented to the full City Council before completion of the Committee of the Whole's consideration. The City further admits that pursuant to Portland City Code 3.02.030.A.1.b, at least five days must pass between the introduction and passage of the Consent Ordinance, as a non-emergency ordinance. The City further admits that the City Council did not meet during the two-week Council Recess from August 17–28, 2026. Except as otherwise admitted, the remaining allegations in paragraph 38 are denied.

39.

The City admits that the Consent Ordinance was not heard by the full City Council prior to the August recess but was instead heard at the first full City Council meeting after the August recess on September 2, 2026. The City admits that September 2, 2026 is more than eight months after January 7, 2026. Except as otherwise admitted, the remaining allegations in paragraph 39 are denied.

40.

The City admits that Portland City Code 3.02.020.B.4 provides that the Council President must place items that meet the administrative requirements for an agenda in a timely manner, not to exceed three months. Except as otherwise admitted, the City denies the remaining allegations in paragraph 40.

///



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

41.

The City is without knowledge or information at this time to admit or deny the allegations in paragraph 41 and therefore denies the same.

42.

The City admits that the 2018 transfer consent ordinance of the Franchise to Zenith was completed approximately one month after submission of the initial request. Except as otherwise admitted, the City denies the remaining allegations in paragraph 42.

**FIRST CLAIM FOR RELIEF**

(Breach of Contract – Specific Performance)

43.

The City incorporates herein the answers in paragraphs 1–42, above.

44.

Admit.

45.

The City admits that the requirements of Sections 8.1 and 8.2(A) of the franchise outline the consent requirements for transfer of the Franchise. The City admits that it is bound by those requirements and that the provisions speak for themselves. Except as otherwise admitted, the City denies the allegations set forth in paragraph 45.

46.

The City admits that the requirements of Sections 8.1 and 8.2(A) of the franchise outline the consent requirements for transfer of the Franchise. The City admits that it is bound by those requirements and that the provisions speak for themselves. Except as otherwise admitted, the City denies the allegations set forth in paragraph 46.

47.

The City admits that City staff completed their review into the technical, legal, and financial qualifications of ISQ Springer with respect to performance of the Franchise in April



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

2026, and has requested no further information. The City further admits that based on this review, City staff recommended that City Counsel consent to the transfer of the Franchise. The City is without knowledge or information necessary to admit or deny the remaining allegations of paragraph 47 and therefore denies the same.

48.

The City is without knowledge or information at this time to admit or deny the allegations in paragraph 48 and therefore denies the same.

49.

The allegations in paragraph 49 are legal conclusions that does not require a response from the City.

50.

Deny.

51.

Deny.

52.

Deny.

**SECOND CLAIM FOR RELIEF**

(Breach of Duty of Good Faith and Fair Dealing – Specific Performance)

53.

The City incorporates herein the answers in paragraphs 1–52, above.

54.

The allegations in paragraph 54 are legal conclusions that do not require a response from the City.

55.

The allegations in paragraph 55 are legal conclusions that do not require a response from the City.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

56.

The City admits to the timeline of approval of the transfer of the Franchise to Zenith previously admitted to in this Complaint. Except as otherwise admitted, the City denies the allegations in paragraph 56.

57.

The allegations in paragraph 57 are legal conclusions that do not require a response from the City.

58.

Deny.

59.

Deny.

60.

Deny.

**REQUEST FOR JURY TRIAL**

The City respectfully request a jury trial.

WHEREFORE, having fully answered Plaintiff's Complaint, the City asks for the following relief:

A. That judgment be entered in favor of the City;

B. The City be awarded its reasonable costs herein; and

C. The City be awarded such other relief as the Court deems just and equitable.

DATED: September 4, 2026

Respectfully submitted,

*/s/ Naomi Sheffield*
NAOMI SHEFFIELD, OSB No. 170601
Chief Deputy City Attorney
naomi.sheffield@portlandoregon.gov
*Counsel for Defendant City of Portland*



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047